1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER JACKSON,

11          Plaintiff,                    No. CIV S-10-1627 DAD P

12      vs.

13   CALIFORNIA DEP'T OF CORRECTIONS
     AND REHABILITATION,
14
            Defendants.            ORDER
15
     _____/
16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

19   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

20   302 and 28 U.S.C. § 636(b)(1).

21   I.  In Forma Pauperis Application

22          Plaintiff has submitted an in forma pauperis application that makes the showing

23   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

24   pauperis.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

26   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $15.55 will be assessed by this

1

1   order. <u>See</u> 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

2   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

3   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

4   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

6   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

7   full. <u>See</u> 28 U.S.C. § 1915(b)(2).

8   II.  <u>Screening Requirement</u>

9           The court is required to screen complaints brought by prisoners seeking relief

10   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

11   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

12   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13   granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

14   U.S.C. § 1915A(b)(1) & (2).

15           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

17   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

19   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20   pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

21   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

22           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

25   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

26   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

1  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

2  factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

3  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint.  See <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740

5  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

6  resolve all doubts in the plaintiff's favor.  See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

7  III.  <u>Plaintiff's Complaint and Leave to Amend</u>

8          In his complaint, plaintiff alleges that delays in obtaining a necessary knee surgery

9  while imprisoned have caused him to suffer pain and further damage to his knee.  Plaintiff seeks

10  monetary damages, naming the California Department of Corrections and Rehabilitation (CDCR)

11  as the sole defendant in this action.  Plaintiff is advised that an action against the CDCR is barred

12  by the Eleventh Amendment.  See <u>Dittman v. California</u>, 191 F.3d 1020, 1025-26 (9th Cir.1999)

13  ("In the absence of a waiver by the state or a valid congressional override, under the eleventh

14  amendment, agencies of the state are immune from private damage actions or suits for injunctive

15  relief brought in federal court.  The State of California has not waived its Eleventh Amendment

16  immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court

17  has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]")

18  (citations, alteration, and internal quotation marks omitted); <u>see also</u> <u>Pittman v. Oregon</u>

19  <u>Employment Dep't</u>, 509 F.3d 1065, 1071 (9th Cir.2007) ("[A]n unconsenting State is immune

20  from suits brought in federal courts by her own citizens as well as by citizens of another State.").

21  Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended

22  complaint should he be capable of  naming specific defendants.  Plaintiff is further advised that

23  although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

24  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

25  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

26  with at least some degree of particularity overt acts which defendants engaged in that support his

1   claims.  Id.

2        If plaintiff chooses to file an amended complaint, plaintiff must allege facts

3   demonstrating how the conditions complained of resulted in a deprivation of his federal

4   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

5   amended complaint must allege in specific terms how each named defendant was involved in the

6   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

7   some affirmative link or connection between a defendant's actions and the claimed deprivation.

8   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

9   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

10   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

11   F.2d 266, 268 (9th Cir. 1982).

12        Plaintiff is informed that the court cannot refer to a prior pleading in order to

13   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14   complaint be complete in itself without reference to any prior pleading.  This is because, as a

15   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

16   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19   IV.  Eighth Amendment Claim

20        The court will provide plaintiff the following legal standards applicable to an

21   Eighth Amendment claim of inadequate medical care.  The unnecessary and wanton infliction of

22   pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v.

23   Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v.

24   Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of cruel and unusual

25   punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious

26   deprivation and that subjectively prison officials acted with deliberate indifference in allowing or

1  causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

2        Where a prisoner's Eighth Amendment claims arise in the context of medical

3  care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence

4  deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

5  Amendment inadequate medical care claim has two elements:  "the seriousness of the prisoner's

6  medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974

7  F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104

8  F.3d 1133 (9th Cir. 1997) (en banc).

9        A medical need is serious "if the failure to treat the prisoner's condition could

10 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

11 McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

12 serious medical need include "the presence of a medical condition that significantly affects an

13 individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical

14 need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

15 Farmer v. Brennan, 511 U.S. 825, 834 (1994).

16        If a prisoner establishes the existence of a serious medical need, he must then

17 show that prison officials responded to the serious medical need with deliberate indifference.

18 Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

19 deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in

20 which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94

21 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard

22 to medical care, however, "the indifference to his medical needs must be substantial.  Mere

23 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

24 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

25 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

26 "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer,

1   511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

2          Delays in providing medical care may manifest deliberate indifference.  Estelle,

3   429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in

4   providing care, a plaintiff must allege facts showing that the delay was harmful.  See Berry v.

5   Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v.

6   Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th

7   Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

8   "A prisoner need not show his harm was substantial; however, such would provide additional

9   support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett

10  v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

11         Finally, mere differences of opinion between a prisoner and prison medical staff

12  as to proper medical care do not give rise to a § 1983 claim.  Toguchi v. Chung, 391 F.3d 1051,

13  1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez

14  v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

15  1981).

16                                   CONCLUSION

17         In accordance with the above, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's June 25, 2010 application to proceed in forma pauperis (Doc. No. 2)

19  is granted.

20         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  Plaintiff is assessed an initial partial filing fee of $15.55.  All fees shall be collected and paid in

22  accordance with this court's order to the Director of the California Department of Corrections

23  and Rehabilitation filed concurrently herewith.

24         3.  Plaintiff's complaint is dismissed.

25         4.  Plaintiff is granted thirty days from the date of service of this order to file an

26  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

2   docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must

3   use the form complaint provided by the court; failure to file an amended complaint in accordance

4   with this order will result in a recommendation that this action be dismissed without prejudice.

5           5.  The Clerk of the Court is directed to provide plaintiff with the court's form

6   complaint for a § 1983 action.

7   DATED: July 7, 2010.

8

9   _____

10  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

11  DAD:4
    jack1627.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26